IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHIAN SPIRIT MARITIME ENTERPRISES, et al.,<br><br>Defendants. | ) | Criminal No. 06-76 GMS |

**ORDER**

WHEREAS, on October 27, 2006, the court conducted a hearing to consider the following motions filed by Chian Spirit Maritime Enterprises ("Chian") and Venetico Marine, SA ("Venetico") (the "moving defendants"): (1) motion to dismiss Count 2 of the Indictment or, in the alternative for a bill of particulars; (2) motion for a bill of particulars as to Counts 1, and 3-5 of the Indictment; and (3) motion to exclude any evidence or allegations of discharges of oily sludge or bilge wastes occurring outside of United States waters (D.I. 23);

WHEREAS, after hearing arguments from the United States and the moving defendants, the court issued an oral Order denying the motions in toto;

WHEREAS, on November 8, 2006, Chian and Venetico filed a Motion for Reconsideration (D.I. 27) of the court's October 27, 2006 ruling;

WHEREAS, the motion asserts that the court has manifestly erred in its interpretation of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1908(a);

WHEREAS, a motion for reconsideration should be granted only "sparingly"[1];

WHEREAS, in this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension[2];

WHEREAS, even if the court has committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision[3]; and

WHEREAS, after having considered the motion, as well as the relevant law, the court concludes that none of the above-cited conditions exist in the present case;

IT IS HEREBY ORDERED that:

1. Chian and Venetico's Motion for Reconsideration (D.I. 27) is DENIED.

Dated: November 20, 2006

UNITED STATES DISTRICT JUDGE

FILED
NOV 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[1] *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991).

[2] *See, e.g.*, *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)); *see also Karr*, 768 F. Supp. at 1090 (citing same).

[3] *See Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 455 (D. Del. 1998).